**CHARTER TOWNSHIP OF OSHTEMO; City of Kalamazoo; Kalamazoo County; and The Upjohn Company, Plaintiffs,**

v.

**AMERICAN CYANAMID COMPANY; et al., Defendants.**

**No. 1:92:CV:843.**

United States District Court, W.D. Michigan.

May 9, 1995.

Richard D. Reed, Reed, Stover & O'Connor, PC, Kalamazoo, MI, for Charter Township of Oshtemo.

Robert H. Cinabro, Office of the City Attorney, Kalamazoo, MI, for City of Kalamazoo.

Duane T. Triemstra, Kalamazoo County Board of Commissioners, Kalamazoo, MI, for Kalamazoo County.

Scott S. Brinkmeyer, Mika, Meyers, Beckett & Jones, P.L.C., Grand Rapids, MI, Martha J. Koster, Stephen M. Leonard, Lee H. Glickenhaus, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, for UpJohn Co.

Thomas W. Daggett, Wildman, Harrold, Allen & Dixon, Chicago, IL, for American Cyanamid Company.

Charles M. Denton, Michael F. Kelly, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Arco Industries Corporation.

Paul Theodore Vlachos, Vlachos & Vlachos, PC, Kalamazoo, MI, for Balkema, Inc. and Woolf Excavating, Inc.

Dustin P. Ordway, John L. Teeples, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, MI, for Borden Chemical, Inc., Goodyear Tire and Rubber Co. and Motor Wheel Corp.

Todd R. Dickinson, Tolley Vandenbosch & Walton, PC, Grand Rapids, MI, for Brunswick Corporation.

Robert A. Soltis, Ford, Kriekard, Domeny & Byrne, PC, Portage, MI, for City of Parchment.

Alan H. Silverman, Silverman, Rodbard & Smith, PC, Kalamazoo, MI, Michael H. Perry, Fraser, Trebilcock, Davis & Foster, PC, Lansing, MI, for City Star Service, Inc.

Mary M. Bittence, Patricia A. Poole, Baker & Hostetler, Cleveland, OH, for Eaton Corporation.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, for Fabri–Kal Corporation.

John A. Ferroli, Dykema Gossett PLLC, Grand Rapids, MI, for General Motors Corporation.

Charles M. Denton, George B. Davis, Michael F. Kelly, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Hydreco, Inc. and Schawk, Inc.

Charles M. Denton, George B. Davis, Michael F. Kelly, John N. Cooper, II, Oosterbaan, Cooper, Peterson & Beck, Kalamazoo, MI, for Illinois Envelope, Inc.

John H. Hess, Hess & Hess, PC, Grand Rapids, MI, Steven P. Means, Michael, Best & Friedrich, Madison, WI, for International Paper.

James R. Nelson, Nelson & Kreuger, PC, Grand Rapids, MI, Brian J. Jordan, Michigan Bell Telephone Co., Detroit, MI, for Michigan Bell Telephone Company.

Gary A. Trepod, Honigman, Miller, Schwartz & Cohn, Lansing, MI, Christopher J. Dunsky, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Michigan Disposal Service Corporation.

Sharan Lee Levine, Levine & Levine, Kalamazoo, MI, Kathryn Browning Fuller, Beveridge & Diamond, PC, New York, NY, for Penn Corporation.

Randall S. Schau, Gemrich, Moser, Bowser & Lohrmann, Kalamazoo, MI, for Prab Robots, Inc. and Taplin Enterprises, Inc.

Lynda E. Thomsen, Thomas M. Canny, Bauckham, Sparks, Rolfe & Thomsen, Kalamazoo, MI, for Richland Township.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, William H. Harbeck, Quarles & Brady, Milwaukee, WI, for Simpson Plainwell Paper Company.

David H. Fink, Avery K. Williams, Cooper, Fink & Zausmer, PC, Farmington Hills, MI, for Waste Management of Michigan, Inc.

### OPINION

ENSLEN, Chief Judge.

This matter is before the Court is to determine how "orphan shares" of liability will be

apportioned in this litigation. On January 6, 1995, Magistrate Judge Doyle A. Rowland established a briefing schedule for the parties to address the issue, which was framed by the parties themselves. The resolution of this issue is believed to be pivotal toward resolving the litigation and advancing the possibilities of settlement. Because the issue will ultimately need to be decided if this case is tried, an early disposition is appropriate.

This Court recently denied a motion to reconsider this Court's August 19, 1993 Order that held that plaintiffs' claims could proceed under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607. In so doing, the possibility that defendants could be found to be jointly and severally liable was maintained.

The issue to be decided is whether "orphan shares" should be borne solely by defendants, or whether they should be allocated among all solvent potentially responsible parties (PRPs) as their adjudicated CERCLA equitable share. Plaintiffs in this case are among the PRPs responsible for the hazardous materials found at the West KL Avenue Landfill, the cleanup costs of which are the subject of the present suit. Defendants assert that plaintiffs, in fact, were the largest generators of hazardous substances at the site.

As an initial matter, "orphan shares." must be defined. Plaintiffs assert that defendants do not distinguish between insolvent PRPs and PRPs that simply have not been brought into the case as third party defendants. It is not clear that defendants have confused the two situations. In any event, "orphan shares" as addressed in this Opinion refer solely to response costs that are "attributable to bankrupt or financially insolvent PRPs." *See City and County of Denver v. Adolph Coors Co.,* 829 F.Supp. 340, 343 (D.Colo. 1993). The factual determination of which PRPs fall in this category and the amount of their equitable share will need to be addressed at a later point in this case. However, it is clear that shares attributable to solvent PRPs that are not parties in this case cannot be considered "orphan shares."[1] Plaintiffs are not responsible for defendants' failure to bring contribution actions against solvent PRPs.

Plaintiffs note that because this is a section 107 action, defendants meeting the definition of a liable "person" are jointly and severally liable for response costs related to harms that are not shown to be divisible. Plaintiffs acknowledge that because of the section 113 counterclaim, the ultimate amount recovered will be reduced by an amount that adequately represents plaintiffs' equitable share of the response costs. However, they maintain that the equitable share attributable to them should not include a portion of the orphan shares.

In addition to repeating their argument that this Court should reverse its prior determination that plaintiffs are not restricted to a contribution action under section 113, defendants also note that cases permitting section 107 actions have, nevertheless, equitably apportioned the orphan shares among all the PRPs, including plaintiffs. *See Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc.,* 814 F.Supp. 1269, 1277–78 (E.D.Va.1992) (cited favorably by this Court in its August 19, 1993 Opinion). Also, there are no cases cited by plaintiffs, or that this Court has found, in which the orphan shares were allocated solely to the defendants.

This Court does not entirely agree with the statement in *Chesapeake & Potomac* that a PRP plaintiff should "not benefit from starting the cleanup operation unilaterally and being the first to the courthouse door to sue its confederates in environmental misbehavior." *See id.* at 1277. Although a PRP should not benefit from its own wrongdoing, the benefit of joint and several liability and the ability to control the cleanup at the site

---

**1.** According to defendant Goodyear Tire & Rubber Company, over 500 companies that were identified by plaintiffs as PRPs did not settle with plaintiffs or the Environmental Protection Agency. Therefore, it is clear that there are hundreds of PRPs that have not yet been brought into this litigation; presumably, many of these remain ongoing enterprises. Equitable shares of liability for response costs that may be attributed to any solvent non-parties are not considered "orphan shares."

goes to PRPs that take part in the cleanup activities, rather than having government entities perform the cleanup and seek reimbursement from PRPs after the fact.

Plaintiffs contend that the major benefit from having joint and several liability is that they can recover all costs from some of the solvent PRPs and that they would not absorb the shares attributable to insolvent PRPs. *Allied Corp. v. Acme Solvents Reclaiming, Inc.*, 691 F.Supp. 1100, 1118 (N.D.Ill.1988). Plaintiffs suggest that to apportion any part of the orphan shares to them significantly lessens the incentive to be amenable to participating in a prompt cleanup of the site. Defendants note that *Allied Corp.* is from the Northern District of Illinois, within the Seventh Circuit, and the Seventh Circuit Court of Appeals has since ruled that PRP plaintiffs are restricted to contribution actions under section 113(f), and not entitled to joint and several liability. *See Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761 (7th Cir. 1994).

In the section 113(f) counterclaims and third-party claims for contribution, the orphan shares must be equitably apportioned among the solvent PRPs. I find no sufficient reason to exclude plaintiffs from this apportionment. As PRPs themselves, plaintiffs and the remaining solvent PRPs [2] are, under CERCLA, liable for the recoverable response costs incurred at the site. Equity and fairness dictate that the shares that would have been attributed to parties that are now insolvent should be apportioned among all of the solvent PRPs.

The policy reason cited by plaintiffs for apportioning orphan shares only to defendants is not persuasive. Although avoiding orphan share apportionment is certainly an extra incentive for a PRP to be amenable to a request it participate in a cleanup of a site, it is not clear to this Court that exposure to such orphan shares is such a disincentive that an otherwise amenable PRP would usually decline to participate in cleanups.

By participating in a cleanup, plaintiffs gain some control over the cleanup efforts, including costs, and benefit from being able to bring a section 107 cost recovery action against only a small subset of the solvent PRPs that may be jointly and severally liable. The sued PRPs have the option of bringing contribution actions against other solvent PRPs that may also be jointly and severally liable. However, there appears little legitimate reason to force defendant PRPs to bear the entire equitable share of insolvent PRPs. It appears much more equitable to apportion the orphan shares to all the PRPs, including plaintiffs, according to their relative equitable share.

In *Chesapeake and Potomac*, the court ruled that joint and several liability was imposed on defendants only for the share of liability not attributed to plaintiffs. 814 F.Supp. at 1278. The court stated that plaintiffs were liable for their share of response costs plus whatever portion of the orphan shares that were to be allotted during the contribution phase of the case. *Id.*

This Court agrees with the court in *Chesapeake and Potomac* that the orphan shares should be apportioned among all of the solvent PRPs that are parties in this litigation, including plaintiffs, in amounts corresponding to their relative equitable responsibility for any indivisible harm for which joint and several liability otherwise applies.

---

**2.** Obviously, only PRPs that ultimately are found to be liable persons under section 107 are responsible for costs incurred at the site.